**CITY OF WASHINGTON, Missouri, Appellant,**

v.

**Daniel BARNHART, Respondent.**

**No. ED 80229.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 16, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2002.

Case Transferred to Supreme Court Oct. 22, 2002.

Case Retransferred to Court of Appeals Jan. 28, 2003.

Original Opinion Reinstated Feb. 10, 2003.

Mark C. Piontek, Washington, MO, for appellant.

Kurt A. Voss, Washington, MO, for respondent.

ROBERT G. DOWD, Jr., Judge.

City of Washington (City) appeals from the circuit court's dismissal of its charge against Daniel Barnhart (Barnhart) for a violation of Section 605.030 of the Code of the City of Washington. The City contends the circuit court erred in finding that the City cannot require Barnhart, as a real estate salesperson, to have a business license or impose a tax license upon him. We affirm.

The City is a Missouri municipal corporation and a third-class city. Barnhart is a licensed real estate salesperson pursuant to Section 339.010.2, RSMo 2000. Barnhart operates as a salesperson out of an office with his real estate broker, Gary McClelland, Re/Max First Realty, located in Washington, Missouri. On August 25, 2000, the City filed an information and complaint charging Barnhart with a violation of a city ordinance, Section 605.010 for a business license violation.[1] Thereafter, Barnhart filed a motion to dismiss alleging that as a real estate salesperson he could not be required to obtain a business license because he is prohibited from maintaining an office in the City for the conduct of his business pursuant to the Missouri Code of State Regulations. The parties fully briefed the motion to dismiss and the circuit court heard arguments. The circuit court dismissed the information and complaint stating that, "as a matter of law the City cannot require [Barnhart] to have a business license or impose a license tax upon him, because [Barnhart] does not and cannot maintain a business office with the City" citing Section 71.620, RSMo 2000, 4 CSR 250–4.050(2) and 4 CSR 250–8.010(1). The City now appeals from the circuit court's judgment of dismissal.[2]

---

1. Section 605.010 of the City's code of ordinances provides:

   It shall be unlawful for any person, either directly or indirectly, to conduct any business, trade, location, calling or occupation in whole or in part for which a license or permit is required by this Code without the license or permit so required having been first procured and thereafter kept in effect after all such times as required by this Code or Chapter.

2. Barnhart contends this court lacks jurisdiction to consider the City's appeal because of double jeopardy. Barnhart's double jeopardy argument is misplaced and this court has jurisdiction to consider the City's appeal.

In its sole point, the City contends the circuit court erred in finding as a matter of law that the City cannot require Barnhart, as a real estate salesperson, to have a business license or impose a tax license upon him. The City argues Barnhart maintains a business office within the City; and therefore, the City has the authority to require him to obtain a business license pursuant to Sections 94.110 and 71.620, RSMo 2000. We disagree.

Section 94.110, RSMo 2000, authorizes third-class cities to "levy and collect a license tax on . . . real estate agents, . . . and all other vocations and business whatsoever, and all others pursuing like occupations." The City's authority under Section 94.110, RSMo 2000, is limited by Section 71.620, RSMo 2000, which states:

> 2. No person following for a livelihood the profession of insurance agent or broker, veterinarian, architect, professional engineer, land surveyor, auctioneer, or real estate broker or salesman in this state, shall be taxed or made liable to pay any municipal or other corporation tax or license fee for the privilege of following or carrying on his profession by a municipality unless that person maintains a business office within that municipality.

The City argues that by reading the two sections together, the City is authorized to require real estate brokers and salespersons who maintain an office within the City to obtain a City business license. The question then becomes can a real estate salesperson "maintain" an office.

Under Missouri law, there is a distinction between a broker and a real estate salesperson. A real estate salesperson must be associated with a broker as an independent contractor or an employee. Section 339.010.2, RSMo 2000. Section 339.010.2, RSMo 2000, provides:

> A "real estate salesperson" is any person, who for compensation or valuable consideration becomes associated, either directly or indirectly, with a real estate broker to do any of the things above mentioned, as a whole or partial vocation. The provisions of sections 339.010 to 339.180 shall not be construed to deny a real estate salesperson who is compensated solely by commission the right to be associated with a broker as an independent contractor.

A real estate salesperson's license is actually held by his or her broker pursuant to 4 CSR Section 250–4.050(2), which provides:

> A broker-salesperson or salesperson license shall be issued only to a person who is associated with a licensed broker. The license of each broker-salesperson or salesperson shall be mailed to the broker. A broker-salesperson or salesperson cannot be licensed with more than one (1) broker during the same period of time.

Furthermore, 4 CSR 250–8.010(1) specifically requires real estate brokers to maintain business offices without mention of real estate salespersons. The regulation provides:

> (1) Every resident broker, except those who have placed their licenses on inactive status or those not actively engaged in real estate business, shall maintain a regularly established place of business in this state, which shall be open to the public during usual business hours at regular stated intervals. No salesperson may be associated with a broker not maintaining a regularly established place of business or a broker not actively engaged in the real estate business. This rule does not apply to a broker-salesperson or to broker-partners, broker-associates or broker-officers of a

firm which maintains a regular place of business.

4 CSR 250–8.010.

Further reading of the state regulations directs us to more provisions demonstrating the differences between brokers and real estate salespersons. A real estate salesperson licensee cannot advertise or show residential property unless the broker holds a listing agreement or seller's/lessor's agreement. 4 CSR Section 250–8.090(1) and (2).[3] A real estate salesperson licensee cannot maintain any escrow money, and all monies received by a salesperson licensee must be placed into an escrow or trust account maintained by the broker. 4 CSR Section 250–8.120(1).[4] Further, a salesperson licensee "shall immediately deliver to the broker with whom affiliated all money received in connection with real estate transaction in which the licensee is engaged." 4 CSR Section 250–8.120(2). We find these differences between brokers and real estate salespersons are substantial, and the regulations prohibit a real estate salesperson from maintaining a business office. A real estate broker is required to maintain a business office, and a real estate salesperson is required to affiliate with a broker. Thus, only a broker maintaining an office in a third-class city can be required to pay a license fee under Section 71.620, RSMo 2000.

---

3. 4 CSR Section 250–8.090 provides in part:
(1) A licensee shall not advertise or place a sign upon any property offering it for sale or lease to prospective customers unless the broker holds a currently effective written listing agreement or other written authorization signed by all owners.
(2) A licensee shall not show residential property unless a broker holds a currently effective written seller's/lessor's agency agreement, seller's/lessor's transaction brokerage agreement, or other written authorization to show.

4. 4 CSR 250–8.120(1) provides:

Reading the relevant provisions of the Missouri Revised Statutes and the Code of State Regulations together, we find that the circuit court correctly found that Barnhart, as a real estate salesperson, cannot maintain a business office within the City and, therefore, cannot be found in violation of the City's ordinance Section 605.010 for failing to keep a business license.

The judgment of the circuit court is affirmed.

JAMES R. DOWD, C.J., and WILLIAM H. CRANDALL, Jr., J., concur.

All money received by a licensee as set out in section 339.100.2(1), RSMo shall be deposited in the escrow or trust account maintained by the broker no later than ten (10) banking days following the last date on which the signatures or initials, or both, of all parties to the contract are obtained, unless otherwise provided in the contract. Earnest money received prior to acceptance of a written contract may be deposited by the broker with the written authorization of the party(ies) providing the funds.